IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | |
|---|---|
| In re: Glenn D. Riddle and Judith A. Riddle, | Bankruptcy Case No. 10-36259 |
| Debtors | |
| ****************************** | |
| Glenn D. Riddle, et al., | Case No. 3:11MC00011 |
| Plaintiff | |
| v. | **ORDER** |
| BAC Home Loans Servicing, L.P., et al., | |
| Defendant | |

This is an adversary proceeding in the above-referenced bankruptcy proceeding which the Bankruptcy Court has transferred to the District Court.

Plaintiff-debtors refinanced the home mortgage. Defendant BAC Home Loans Servicing, L.P. (BAC) filed a foreclosure action in the Erie County, Ohio, Court of Common Pleas. About six months later, plaintiffs filed their bankruptcy petition.

The gravamen of plaintiffs' complaint is that allonges and an assignment filed with the foreclosure proceedings were signed by defendant Tiaquanda Turner acting as a "robo-signer" (*i.e.*, she signed those documents without authority, without reading them and without first-hand knowledge of their contents). Plaintiffs also contend that BAC is not, contrary to its assertions in the foreclosure proceeding, the owner of or otherwise entitled to collect on the underlying note or foreclose on the mortgage.

Plaintiffs did not list BAC as a creditor in the bankruptcy proceeding. BAC has filed a proof of claim based on the note, which plaintiffs acknowledge they signed along with the mortgage. BAC's proof of claim includes the two allonges and a copy of the note.

Plaintiffs do not dispute the authenticity of the note. Rather, their core allegations are:

- BAC filed a complaint (the "Complaint") on April 26, 2010, in the Erie County Court of Common Pleas against the Plaintiffs seeking foreclosure of the Residence (Complaint ¶ 1);

- In the [Foreclosure] Complaint, BAC alleged that it was the holder of the Note, but did not allege that it was the owner of the Note. (*Id.*, ¶ 11);

- There were no endorsements of any kind on the Note, but there were two allonges which followed the Note. (*Id.*, ¶ 12);

- Allonge #1 shows a purported transfer from Capital One to CBNA, and is purportedly signed by Robert A. Maher, "Executive Vice President" for Capital One. Allonge #1 is unnotarized and undated. (*Id.*, ¶ 13);

- Allonge #2 shows a purported transfer from CBNA to BAC, and is purportedly signed by Turner, as "Assistant Vice President" for BAC. Allonge #2 is unnotarized and undated. (*Id.*, ¶ 14);

- Turner is, upon information and belief, a Robo-Signer, which is to say that as an Assistant Vice President for the Defendant, she signed thousands of documents without reviewing them for accuracy, and on behalf of several different companies, without proper authorization. (*Id.*, ¶ 16);

- The above business practices of BofA and BAC render the Allonges of dubious validity in transferring the Note to BAC. (*Id.*, ¶ 17);

- It is highly probable . . . that BAC never obtained possession of the original Note. If that is the case, . . . the Note is not enforceable by BAC. (*Id.*, ¶ 19);[1]

---

[1] Plaintiff's complaint cites and attaches a copy of a Bankruptcy Court opinion in the District of New Jersey in which the court found insufficient proof that the creditor owned the note. That case is distinguishable on the grounds, *inter alia*, that the creditor had not attached a copy of the note to its pleading. Here, in crucial contrast, BAC attached a copy of the note, along with the allonges and assignment, to its proof of claim in the Bankruptcy Court.

- Plaintiffs filed this Bankruptcy Case on or around October 15, 2010. Thereafter, Defendant filed its Objection to Plaintiffs' Chapter 13 Bankruptcy Plan (the "Objection"), on the grounds that Plaintiffs did not list Defendant as a creditor in the plan. (*Id*., ¶ 20);

- In Support of its Objection, BAC presented the same copy of the Note, with the Allonges, as were attached to the foreclosure Complaint. (*Id.,* ¶ 21);

- Plaintiffs did not list BAC as a creditor in their Plan because upon information and belief, Defendant is not the owner and holder of Plaintiff's mortgage loan and thus not entitled to enforce the same. (*Id*., ¶ 23).

Among other attachments to their complaint, plaintiffs include a copy of resolution naming defendant Turner an Assistant Vice President and granting her the status of "Authorized Officer." (*Id.*, Exh. D).

Pending is defendants' motion to dismiss. (Doc. 3). The defendants contend that plaintiffs are without standing in this proceeding to assert the claims in their complaint. Defendants also assert that the plaintiffs' allegations, even if accepted as true, fail to state a cause of action.

For the reasons that follow, I agree, considering only the adequacy of plaintiffs' factual allegations, and grant defendants' motion to dismiss.

**Discussion**

To overcome a motion to dismiss, a complaint must plead underlying facts with sufficient particularity to establish "plausible" grounds for relief. *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this requirement, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555: "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 129 S. Ct. at 1949-50 (citing *Twombly*,

3

550 U.S. at 555). Conclusory statements standing alone will not withstand a motion to dismiss. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Plaintiffs' complaint does not pass muster under *Iqbal/Twombley*. In the face of BAC's submission of a copy of the note, plaintiffs claim that BAC does not own the note. The basis for this contention is the opinion in an inapposite case in which the creditor had not attached a copy of the note to its pleadings and testimony in that case and media accounts about robo-signing of affidavits in foreclosure cases.

Directly at issue here, however, is whether plaintiffs raise a plausible claim that BAC is not entitled to collect on the note – not whether plaintiffs raise such claim with regard to the Erie County foreclosure action.

The Note and allonges *prima facie* establish entitlement.

The allonge shows transfer to BAC of the right to enforce the note. Turner's name on the allonge accomplishing the transfer suffices as an endorsement in light of her appointment as an authorize officer. Attachment of the note to the proof of claim is *prima facie* proof that the claimant – BAC - owns the note.

An allonge is not an affidavit. An allonge, rather, "is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself." Black's Law Dictionary 76 (6th ed.1990). At least in metaphorical, if not literal terms, an allonge is simply an extra signature line.

Nothing in the law requires a person signing an allonge to have read the document, much less to have first-hand knowledge of its contents. What matters is whether the person signing the document has authority to do so, and thereby to control its disposition.

No more is necessary to sustain BAC's right to collect on the note, absent factual allegations that the transfer did not occur or the note is otherwise unenforceable. Under *Iqubal/Twombley*, those factual allegations cannot simply be conclusory. Instead, they have to be plausible.

In their complaint in this proceeding plaintiffs focus on an alleged failure of proof in the foreclosure proceeding: namely, that BAC failed to show ownership of the note.

Whether that contention is true or not does not matter. This is not a foreclosure proceeding. Instead, this proceeding involves an assertion of a right to collect on a note, the validity of which plaintiffs otherwise acknowledge.

Thus, to the extent that plaintiffs here rely on BAC's alleged wrongful conduct in the foreclosure proceeding, they advance those contentions in the wrong forum. If BAC is perpetrating a fraud in the foreclosure proceedings, such fraud is on the Common Pleas Court of Erie County.

To prevail on their challenge here to BAC's proof of claim, plaintiffs must allege facts sufficient to overcome the otherwise conclusive implications of BAC's *prima facie* proof of its entitlement to collect.

They do not. Plaintiffs do not allege, for example, that someone or some entity other than BAC is in fact the owner (or even the possessor) of the note. The do not allege that others have asserted a right to collect on the note. They do not allege that they even apprehend or fear that someone else may try to collect on the note.

Much of plaintiffs' complaint and brief in opposition to the pending motion to dismiss (Doc. 8) discuss BAC's putative misconduct in the Erie County foreclosure proceedings. But what's going on in the foreclosure proceedings in Erie County (or went on until the Bankruptcy Court's stay order does not matter.

5

In essence, plaintiffs' complaint asserts: robo-signing has been endemic during the current foreclosure crisis; media reports point a finger at BAC as a leading practitioner of robo-signing; they are defendants in a foreclosure proceeding brought by BAC; their foreclosure proceeding is thus presumptively tainted by robo-signing; therefore, BAC, despite its actual *prima facie* proof of ownership and the right to enforce in this case, cannot enforce the note.

These contentions, whether read as alleged in the complaint or as paraphrased here, simply are not enough under *Iqbal/Twombley*. They show no reason whatsoever to doubt BAC's right to collect on the note. BAC is entitled to dismissal.

## Conclusion

Plaintiffs' declaratory judgment complaint challenging BAC's right to enforce the note at issue here is, with regard to the pertinent facts entirely conclusory and speculative. Their complaint is insufficient under *Iqbal/Twombley* to withstand BAC's motion to dismiss.

It is, therefore,

ORDERED THAT the defendants' motion to dismiss (Doc. 3) be, and the same hereby is granted.

The Clerk shall return this case to the Bankruptcy Court for the Northern District of Ohio, Western Division for further proceedings.

So ordered.

/s/James G. Carr
Sr. United States District Judge